## In re AIR CRASH DISASTER AT JOHN F. KENNEDY INTERNATIONAL AIRPORT ON JUNE 24, 1975.

### Appeal of EASTERN AIR LINES, INC., Defendant.

### No. 1102, Docket 82–7108.

United States Court of Appeals, Second Circuit.

Argued May 19, 1982.

Decided Aug. 23, 1982.

---

Alan D. Reitzfeld, New York City (Haight, Gardner, Poor & Havens, New York City, of counsel), for defendant-appellant Eastern Air Lines, Inc.

Steven R. Pounian, New York City (Milton G. Sincoff, Frank H. Granito, Jr., New York City, of counsel), for appellees "Passenger-Plaintiffs."

Before MANSFIELD, MESKILL and PRATT,* Circuit Judges.

MANSFIELD, Circuit Judge:

Eastern Air Lines, Inc. ("Eastern") appeals from an order of the Eastern District of New York, Henry Bramwell, Judge, retaxing costs assessed by the Clerk of the Eastern District. We affirm in part and vacate and remand in part.

The appeal arises out of litigation concerning the June 24, 1975 crash of Eastern Flight No. 66 at New York's John F. Kennedy International Airport. All personal injury and wrongful death cases relating to the crash were transferred to the Eastern District for pretrial proceedings by the Judicial Panel on Multidistrict Litigation. 407 F.Supp. 244 (J.P.M.D.L.1976). On December 15, 1977 Judge Bramwell, to whom the cases had been assigned, transferred all passenger cases to the Eastern District pursuant to 28 U.S.C. § 1404 and consolidated them for trial on the issue of the liability of the defendants Eastern and the United States of America. The United States elected not to contest its liability and offered to accept a consent judgment in each passenger case, to be entered "without interest and without costs." The plaintiffs accepted the offer and judgment was entered.

After Judge Bramwell denied an Eastern request that the cases against the government proceed to a damage trial, the parties proceeded to trial on the issue of Eastern's liability. On November 1, 1978 Judge Bramwell entered judgment upon a jury verdict finding Eastern liable. The judg-

---

* Judge Pratt was a United States District Judge for the Eastern District of New York, sitting by designation, at the time of argument.

ment was affirmed by a 2–1 decision of this court. 635 F.2d 67 (2d Cir. 1980).

On October 27, 1981 the plaintiffs filed a Bill of Costs against Eastern with the Clerk of the Eastern District, claiming costs of $39,487.57. Eastern filed objections and after hearing both sides the Chief Deputy Clerk taxed costs in the amount of $22,211.81. Eastern and the plaintiffs both then moved before Judge Bramwell for the retaxing of costs. In an oral opinion delivered on December 11, 1981 Judge Bramwell increased the costs taxed against Eastern to $32,622.29. From that order Eastern appeals.

## DISCUSSION

■ Rule 54(d) of the Federal Rules of Civil Procedure provides in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...."

On this review we are governed by the principle that the rule and the various statutory provisions relating to the awarding of costs leave the taxation of costs to the discretion of the district court, with that court's decision to be upset "only in the event of an abuse of that discretion." *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 38 n.3 (2d Cir. 1978). Accord, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232–36, 85 S.Ct. 411, 415–17, 13 L.Ed.2d 248 (1964); *Compania Pelineon De Navegacion, S.A. v. Texas Petroleum Co.*, 540 F.2d 53, 56–57 (2d Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977).

*Reduction of Costs for Plaintiffs Who Settled "Without Costs"*

Eastern's first and principal claim of error on this appeal is that the district judge erred by failing to make a *pro rata* reduction in costs for those plaintiffs who settled with it without costs. Throughout the course of these proceedings Eastern attempted to settle the many suits—some 86

—that arose out of the crash. After the trial, but before the Clerk taxed costs, 17 of the 36 plaintiffs who had gone to trial settled with the stipulation that the settlement was "without costs." After the Clerk taxed costs, an additional four plaintiffs settled with the same stipulation. The district judge rejected Eastern's argument that these settlements required a *pro rata* reduction in costs, stating that "[t]he costs at issue here were incurred in connection with a general liability trial which would have gone forward had even one plaintiff remained." Instead he awarded costs "to those plaintiffs who had cases tried in the liability trial...."

■ In our view the district court erred in not reducing the award of costs to reflect the agreement that the claims of certain plaintiffs were settled "without costs." It is beyond a district judge's discretion to alter the terms of or refuse to enforce a settlement agreement, absent special circumstances, such as a material breach of the agreement, see *Warner v. Rossignol*, 513 F.2d 678, 682–83 (1st Cir. 1975), or duress, see *First National Bank of Cincinnati v. Pepper*, 454 F.2d 626, 632–34 (2d Cir. 1972), *appeal after remand*, 547 F.2d 708 (2d Cir. 1976). See *Kohr v. Allegheny Airlines, Inc.*, 504 F.2d 400, 405 (7th Cir. 1974), *cert. denied*, 421 U.S. 978, 95 S.Ct. 1980, 44 L.Ed.2d 470 (1978). Since no special circumstances are present here those plaintiffs who agreed to settle without costs are not entitled now to receive costs.

■■ The costs awarded by the district court were not limited to allowable expenses incurred solely on behalf of the non-settling plaintiffs but included expenses incurred on behalf of plaintiffs who agreed that Eastern would not be required to pay their costs. If none of the plaintiffs had settled, each would be entitled to recover and receive payments of those allowable expenses incurred on his or her behalf, which would be a proportionate share of all expenses incurred generally on behalf of all plaintiffs plus any allowable expenses incurred specially for him alone. To award to one plaintiff costs incurred on behalf of

another runs counter to the cost-taxing provisions of the Federal Rules of Civil Procedure and of the U.S. Code, which are designed to reimburse a party for specified expenses incurred in successfully litigating a claim, not to punish the unsuccessful party or to award a bonanza to the winner. A district judge has wide discretion to determine whether a prevailing party should or should not be compensated for some or all of the allowable expenses it has incurred. But the judge does not have discretion to award a party costs for expenses that have been incurred on behalf of another party.

The non-settling plaintiffs are therefore entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs plus any items incurred specially on behalf of the non-settlers. That the same total costs incurred for all probably would have been incurred if only one plaintiff had gone to trial and that the consolidation of these cases saved the parties and the court time and money are irrelevant.[1] The fact is that the costs were incurred on behalf of all, not just the non-settling plaintiffs, and that the latter did not object to the provision that the settling plaintiffs expressly waived the costs to which they might have been entitled if they had not settled. Accordingly we vacate the district court's order awarding costs and remand for a determination of the share of costs to which the non-settling plaintiffs are entitled.[2]

*Fee for Transcriptions of Cockpit Voice Recorder and of Ground Control Communications*

Eastern next claims that the district judge erred by awarding the plaintiffs the expense of the preparation of a transcript of the tape produced by the plane's cockpit voice recorder ("CVR") and of tapes of certain ground control communications. The CVR records on a 30-minute continuous loop tape all audible sounds in the cockpit, such as intra-cockpit conversations and radio conversations between the crew of the plane and ground stations and other planes. The CVR tape is an important piece of evidence in an aircrash case. While the record is less clear as to the nature of the ground control communications tapes, Eastern has not questioned their importance to the case.

Prior to the trial, the plaintiffs, Eastern, and the United States each retained an expert to analyze these tapes. Together the experts produced transcripts to which the parties stipulated. In addition the CVR tape was played at the trial. The plaintiffs requested costs of $10,331.59 for preparation of the transcripts. In support of their request the plaintiffs produced a letter from their expert, Robert Rudich, that stated:

"Copying, review and analysis, and preparation of transcriptions of, communications and cockpit voice recordings

$10,331.59"

The district judge granted the request under 28 U.S.C. § 1920(4), which allows reimbursement of "fees for exemplification and copies of papers necessarily obtained for use in the case."

Eastern first argued that because the transcripts were produced jointly by experts from all sides, an evidentiary hearing was required to determine how much of

1. The plaintiffs also argue that under the district court's order Eastern is obligated to make its payment to the plaintiffs' general fund, which actually incurred the costs. This interpretation is questionable, for the order provides that costs are "to be paid to . . . co-liason [sic] counsel, for reimbursement to those plaintiffs who had cases tried in the liability trial. . . ." Moreover, the argument is meritless; since it would be error to award directly to parties amounts in excess of their share of costs or to award costs to parties who have agreed to forego them, the error is not avoided by authorizing an indirect payment.

2. For the district court's guidance on remand we note that because the settling plaintiffs settled at different times and costs were undoubtedly incurred on an ongoing basis, it may not be possible simply to divide up the total cost figure evenly among all plaintiffs. Before making such a division the court will have to take into account when particular expenses were incurred and which plaintiffs were still in the suit at the time.

Rudich's work went into the final product. We agree with the district judge that such an inquiry is unnecessary and irrelevant. The three experts worked together in order to produce one transcript to which all parties could agree. That the plaintiffs' expert agrees to this transcript was crucial. Even if Rudich did not actually produce the final transcript entered into evidence, the work he did to determine whether that transcript was acceptable to the plaintiffs was an expense necessary to the production of an exhibit stipulated to by all parties. Thus there was no need for an evidentiary hearing on this matter.

Eastern next points out that Rudich's fee is attributable to (1) research on and analysis of the tapes and (2) preparation of the transcripts as a product of that research and analysis and argue that the expense of neither type of work is recoverable—the research and analysis because such work by an expert is not taxable and the transcript because it "is not 'exemplification' within the meaning of 28 U.S.C. § 1920(4)."

■■■■ Under § 1920(4) a prevailing party is entitled to "[t]he reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials." 6 *Moore's Federal Practice* ¶ 54.77[6], at 1739 (2d ed.). This has been construed to permit awards of costs for statistical consulting costs and computer expenses, e.g., *EEOC v. Kenosha Unified School District No. 1*, 620 F.2d 1220, 1227–28 (7th Cir. 1980), for demonstration models and exhibits, e.g., *Wahl v. Carrier Manufacturing Co., Inc.*, 511 F.2d 209, 217–18 (7th Cir. 1975), for maps and aerial photos, e.g., *Mikel v. Kerr*, 499 F.2d 1178, 1182–83 (10th Cir. 1974), for a scientific survey of oil wells, e.g., *Harrington v. Texaco, Inc.*, 339 F.2d 814, 821–22 (5th Cir.), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1538, 14 L.Ed.2d 435 (1965), and for technical drawings, e.g., *Appliance Inv. Co. v. Western Electric Co., Inc.*, 61 F.2d 752, 756–57 (2d Cir. 1932). The cost of producing transcripts of a flight recorder tape and of similar tapes for trial, including such research and analysis as is reasonably necessary for such preparation,

fits within this category and is exemplification for purposes of § 1920(4). On the other hand, the expense of an expert's research and analysis in preparing for trial, as distinguished from producing an exhibit, is not a recoverable cost. See 6 *Moore's Federal Practice* ¶ 54.77[5.3] (2d ed.). Nor may a party use § 1920(4) to recover as costs the former under the guise of the latter. See *Cleverock Energy Corp. v. Trepel*, 609 F.2d 1358, 1363 (10th Cir. 1979), *cert. denied*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980).

■■ A district court must therefore scrutinize such research expense requests to determine whether the research involved was necessary to the production of a necessary map, survey, or, as in this case, transcript, and was not merely general research done only for the purpose of preparing for trial. Because the district judge does not appear to have made this inquiry, we vacate this portion of the award and remand for exercise of discretion in accordance with these principles.

*Transcripts*

■■ Eastern raises several claims of error concerning the taxing of costs for various transcripts. We reject its arguments that the district judge erred by taxing the costs of transcripts of depositions not used by the plaintiffs at trial, of transcripts of pretrial proceedings, and of daily transcripts of the trial. The statutory standard for recovery of costs of transcripts, depositions, pretrial proceedings, or trials, is whether they were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2) & (4). Eastern's argument that the cost of depositions not read at trial may not be taxed fails, for such a requirement would contradict § 1920, which requires only use "in the case," rather than use "at the trial." Thus we have held that a district court may, in its discretion, award the costs of depositions not read at trial. See *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747, 749 (2d Cir. 1964). Accord, *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir. 1981); *Koppinger v. Cullen-*

*Schlitz & Associates*, 513 F.2d 901, 911 (8th Cir. 1975). We cannot say that the district judge abused his discretion in awarding the costs of the depositions here.

 Nor do we find any abuse of discretion in awarding the costs of transcripts of pretrial proceedings. See *Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.*, 422 F.2d 1278, 1284–85 (2d Cir. 1970). Indeed the district judge refused to tax the costs of all such transcripts, limiting the award to the relevant pretrial proceedings, a fact that confirms our conclusion.

Although we have warned that "[t]o assess the losing party with the premium cost of daily transcripts, necessity—beyond the mere convenience of counsel—must be shown," *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973), the issue on review is whether there was an abuse of discretion, not whether we would have allowed less than the trial judge did. Eastern has not seriously challenged the district judge's findings that "the length and complexity of the consolidated liability trial warranted the use of overnight transcripts" and that in view of the large number of parties and special problems supplying an original and a copy of the expedited transcripts was "not a convenience or a luxury, but a compelling necessity."

 Eastern does make one meritorious argument with respect to the award for transcripts: that the judge erred in awarding the plaintiffs costs for deposition transcripts for which Eastern or another party actually paid. The district judge limited the plaintiffs to the cost of one original and one copy of all transcripts, and the plaintiffs have not appealed this ruling, which was well within the judge's discretion. In calculating this amount, however, the judge ignored the fact that many originals were actually paid for by Eastern or another party. As we have already made clear, a party is entitled to reimbursement only for expenses actually incurred by it. Because the record is unclear as to which party paid for which transcript, we vacate this portion of the award and remand for recalculation in accordance with this principle.

*Exhibits*

Finally, Eastern argues that the district judge erred in awarding $1,147.95 for exhibits. Before the district court the plaintiffs identified the exhibits for which they were claiming costs as Exhibits 1080 and 1080–1. These exhibits were maps that depicted the course of the flight and included portions of the CVR transcript, in order to show where the plane was at various points of the transcript.

 Eastern argues that the exhibits were duplicative of trial testimony and "merely illustrative." The district judge concluded, however, that the exhibits were necessary and we see no reason to disturb that exercise of discretion. Eastern also questions the plaintiffs' documentation of this expense. The only documentation the plaintiffs presented to substantiate the cost of the two exhibits was a letter from Rudich that stated:

"Preparation of exhibits for use in trial
$1,147.95"

Apparently Rudich prepared at least eight map exhibits, so that the above-quoted letter hardly establishes what was the cost of Exhibits 1080 and 1080–1. Since the district judge did not find that all of the exhibits were "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), we vacate this portion of the award and remand for a determination of the cost of the two exhibits the judge did find to be necessary.

Accordingly, the judgment of the district court is affirmed in part and vacated and remanded in part. Costs to appellant.