Kevin MCCOY, et al.

v.

SOUTHWEST AIRLINES COMPANY, INC., et al., Coordinated with:

Linda McDonnell, et al.,

v.

Southwest Airlines Company, Inc., et al.

Thomas Hayes, et al.,

v.

Southwest Airlines Company, Inc., et al.

Ryan Lampkin, et al.,

v.

Southwest Airlines Company, Inc., et al.

Joseph Ferezy, et al.,

v.

Southwest Airlines Company, Inc., et al.

Baydsar Thomasian,

v.

Southwest Airlines Company, Inc., et al.

Vahak Thomasian,

v.

Southwest Airlines Company, Inc., et al.

Armen Keshishian, et al.,

v.

Southwest Airlines Company, Inc., et al.

Janet Chomo, et al.,

v.

Southwest Airlines Company, Inc., et al

John Bologa,

v.

Southwest Airlines Company, Inc., et al.

John D. Barrett, et al.,

v.

Southwest Airlines Company, Inc., et al.

Nos. CV 01–4426–RSWL(RCX), CV 00–9982–RSWL(RCX), CV 01–1933–RSWL(RCX), CV 01–1934–RSWL(RCX), CV 01–3156–RSWL(RCX), CV 01–4820–RSWL(RCX), CV 01–4822–RSWL(RCX), CV 01–4824–RSWL(RCX), CV 01–3157–RSWL(RCX), CV 00–7666–RSWL(RCX),

CV 01–3155–RSWL(RCX).

United States District Court, C.D. California.

June 19, 2002.

J. Clark Aristei, Baum, Hedlund, Aristei, Guilford & Schiavo, Los Angeles, CA, Delores A. Yarnall, Binder & Associates, Pasadena, CA, Ronald L.M. Goldman, Marina del Rey, CA, for plaintiffs.

Christopher M. Young, Gray, Cary, Ware & Freidenrich, San Diego, CA, Arthur I. Willner, Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Marina del Rey, CA, for defendants.

PROCEEDINGS: (1) PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE UNEDITED RECORDING FROM THE COCKPIT VOICE RECORDER; AND (2) PLAINTIFFS' MOTION TO COMPEL SOUTHWEST AIRLINES CO. TO COMPLY WITH THE COURT'S JANUARY 9, 2002

## DISCOVERY ORDER*

CHAPMAN, United States Magistrate Judge.

On May 10, 2002, plaintiffs filed a notice of motion and motion to compel production of the unedited recording from the cockpit voice recorder from Southwest Airlines Flight 1455's overrun of the runway at Burbank Airport on March 5, 2000 ("Burbank crash"), with joint stipulation and exhibits. On May 29, 2002, plaintiffs filed a supplemental memorandum, with the supporting declaration of J. Clark Aristei and exhibits and a supporting appendix of law, and on the same date, defendant filed a supplemental memorandum in opposition to plaintiffs' motion. On June 3, 2002, defendant filed evidentiary objections to the supplemental declaration of Mr. Aristei and exhibits 1 through 5.[1]

On May 29, 2002, plaintiffs filed a notice of motion and motion to compel defendant to comply with the Court's January 9, 2002 discovery order, with joint stipulation, the supporting declaration of Mr. Aristei and a supporting index with numerous exhibits, the opposing declaration of Christopher M. Young, and defendant's appendix with several exhibits. On June 5, 2002, plaintiffs filed a supplemental memorandum, with the supporting declaration of Delores A. Yarnall and exhibits. On June 14, 2002, defendant filed evidentiary objections to evidence in coordinated plaintiffs' motion to compel defendant to comply with the Court's January 9, 2002 discovery order.[2]

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on June 19, 2002. Plaintiffs were represented by J. Clark Aristei, Delores A. Yarnall and Ronald L.M. Goldman, attorneys-at law, and defendant was represented by Christopher M. Young and Arthur I. Willner, attorneys-at-law.

## DISCUSSION

### I

The cockpit voice recorder ("CVR") from an airplane is discoverable under 49 U.S.C. § 1154(a), provided certain conditions are met that ensure it will not be publicly disseminated in an inappropriate manner.[3] Specifically, Section 1154 provides, in pertinent part:

(1) Except as provided by this subsection, a party in a judicial proceeding may not use discovery to obtain—

(A) any part of a cockpit or surface recorder transcript that the National Transportation Safety Board has not made available to the public under section 1114(c)[4] or

---

* Editor's Note: Parts II and III of the opinion were redacted by Judge Chapman for publication purposes.

1. The Court notes that most of defendant's objections to Mr. Aristei's supplemental declaration are meritorious, and that Mr. Aristei seems to not understand that a declaration should not be argument. The Court, thus, grants defendant's objections to the following portions of Mr. Aristei's declaration: paragraph 2, on the grounds it lacks foundation and the declarant lacks personal knowledge; paragraph 3, on the grounds it lacks foundation, the declarant lacks personal knowledge, and the statements are argumentative; paragraph 5, lines 18–23, on the ground it is argumentative; paragraph 6, lines 24–27, on the ground it is argumentative; paragraph 6, lines 27–28, on the ground it lacks foundation; paragraph 7, on the ground it lacks foundation; paragraph 11, lines 3–5, on the ground it is hearsay; paragraph 11, lines 5–9, on the ground it lacks foundation; paragraph 11, lines 9–11, on the ground it is argumentative; and exhibits 3 and 4, on the ground the declarant cannot provide competent foundation for these exhibits; however, the Court denies defendant's objections to the

following portions of Mr. Aristei's declaration: paragraph 4, lines 16–17, and exhibit 2, which is merely a legal summary.

2. Unfortunately, due to the tardiness of this document, the Court did not consider it.

3. Plaintiffs' motion pertains solely to the discoverability of the tape from the CVR; it does not pertain to the admissibility into evidence at trial of the CVR tape—despite plaintiffs' myriad, improper references to the use of the disputed tape at trial. That issue is left solely to the discretion of the trial judge in this matter, District Judge Ronald S.W. Lew.

4. Section 1114(c) provides:

(1) The Board may not disclose publicly any part of a cockpit voice or video recorder recording or transcript of oral communications by and between flight crew members and ground stations related to an accident or incident investigated by the Board. However, the Board shall make public any part of a transcript or any written depiction of visual infor-

1114(d)[5] of this title; and

(B) a cockpit or surface vehicle recorder recording.

  *    *    *    *    *    *

(3) Except as provided in paragraph (4)(A) of this subsection,[6] a court may allow discovery by a party of a cockpit or surface vehicle recorder recording if, after an in camera review of the recording, the court decides that—

(A) the parts of the transcript made available to the public under section 1114(c) or 1114(d) of this title and to the party through discovery under paragraph (2) of this subsection[7] do not provide the party with sufficient information for the party to receive a fair trial; and

> mation the Board decides is relevant to the accident or incident—
> (A) if the Board holds a public hearing on the accident or incident, at the time of the hearing; or
> (B) if the Board does not hold a public hearing, at the time a majority of the other factual reports on the accident or incident are placed in the public docket.
> (2) This subsection does not prevent the Board from referring at any time to cockpit voice or video recorder information in making safety recommendations.
> 49 U.S.C. § 1114(c).

**5.** Section 1114(d) provides:

> (1) Confidentiality of recordings.—The Board may not disclose publicly any part of a surface vehicle voice or video recorder recording or transcript of oral communications by or among drivers, train employees, or other operating employees responsible for the movement and direction of the vehicle or vessel, or between such operating employees and company communication centers, related to an accident investigated by the Board. However, the Board shall make public any part of a transcript or any written depiction of visual information that the Board decides is relevant to the accident—
> (A) if the Board holds a public hearing on the accident, at the time of the hearing; or
> (B) if the Board does not hold a public hearing, at the time a majority of the other factual reports on the accident are placed in the public docket.
> (2) References to information in making safety recommendations.—This subsection does not prevent the Board from referring at any time to voice or video recorder information in making safety recommendations.
> 49 U.S.C. § 1114(d).

(B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial.

49 U.S.C. § 1154(a) (footnotes added).

One of the major purposes behind the enactment of Section 1154 was to safeguard or protect the National Traffic Safety Board ("NTSB") against premature public speculation regarding the cause of any airline crash so it may "conduct a full and fair investigation." *See* Senate Report No. 101–450, 1990 U.S.C.C.A.N. 6376, 6381. Since the NTSB has already concluded its investigation and issued its report regarding the probable cause of the Burbank crash, this purpose is not adversely affected by plaintiffs' discovery of the CVR tape.

**6.** Section 1154(a)(4)(A) provides:

> When a court allows discovery in a judicial proceeding of a part of a cockpit or surface vehicle recorder transcript not made available to the public under section 1114(c) or 1114(d) of this title or a cockpit or surface vehicle recorder recording, the court shall issue a protective order—
> (i) to limit the use of the part of the transcript or the recording to the judicial proceeding; and
> (ii) to prohibit dissemination of the part of the transcript or the recording to any person that does not need access to the part of the transcript or the recording for the proceeding.
> 49 U.S.C. § 1154(a)(4)(A).

**7.** Section 1154(a)(2) provides:

> (A) Except as provided in paragraph 4(A) of this subsection, a court may allow discovery by a party of a cockpit or surface vehicle recorder transcript if, after an in camera review of the transcript, the court decides that—
> (i) the part of the transcript made available to the public under section 1114(c) or 1114(d) of this title does not provide the party with sufficient information for the party to receive a fair trial; and
> (ii) discovery of additional parts of the transcript is necessary to provide the party with sufficient information for the party to receive a fair trial.
> (B) A court may allow discovery, or require production for an in camera review, of a cockpit or surface vehicle recorder transcript that the Board has not made available under section 1114(c) or 1114(d) of this title only if the cockpit or surface vehicle recorder is not available.
> 49 U.S.C. § 1154(a)(2).

Further, plaintiffs persuasively argue that the tape is needed for a fair trial since the transcript of the CVR tape of the Burbank crash is insufficient to allow them to prosecute their claims, or to meet their heightened burden regarding punitive damages. *See* Cal.Civ.Code § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."); *Waits v. Frito–Lay, Inc.,* 978 F.2d 1093, 1104 (9th Cir.1992) ("In California, exemplary or punitive damages are available 'where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice.'" (citation omitted)), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1047, 122 L.Ed.2d 355 (1993). First, plaintiffs argue that since the transcript of the CVR tape was reached by the group consensus of several persons listening to the tape at the behest of the NTSB, that consensus might not be accurate; rather, an expert may determine that a word on the tape is different than the word agreed upon by the persons reviewing the tape. Second, plaintiffs note that the tape in incomplete, missing approximately 51 words and deleting approximately 11 words viewed as "expletives." Even more importantly, the tape fails to reflect changes in voice tone, tempo, volume and inflection, all of which are important. Finally, plaintiffs argue that the tape does not accurately reflect the noises heard in the cockpit during the recording, and such noises can help an expert recreate exactly what happened in the cockpit.

Defendant opposes plaintiffs' motion, arguing that the tape is accurate enough for plaintiffs to have a fair trial since, among other things, the pilots, controllers and others who gave statements to the NTSB may be deposed.

The Court, having reviewed all papers and having listened to the CVR tape (all tracks),[8] hereby grants plaintiffs' motion. The Court specifically finds that the tape is one of the few neutral pieces of evidence available to plaintiffs to support their claims, and, as such, it is clearly relevant under Rule 26(b). *See In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975,* 687 F.2d 626, 630 (2d Cir.1982) ("The CVR tape is an important piece of evidence in an aircrash case."). Moreover, the transcript of the tape is insufficient since, as plaintiffs note, it is not complete and it does not reflect noises that might be meaningful to plaintiffs' experts. *In re Air Crash in the Florida Everglades on May 11, 1996,* MDL 1131, CV 96–1542–CIV–DAVIS (order filed May 28, 1999); *In re Aircrash Near Roselawn, Indiana on October 31, 1994,* MDL 1070, 95 C 4593 (N.D.Ill.) (Order filed December 4, 1996). Additionally, the tape may be used to impeach the pilots or controllers, whose recollection of the events may be self-serving. *See,* e.g., *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) (Non-privileged information in attorney's files is discoverable because "[s]uch written statements and documents . . . might be useful for purposes of impeachment or corroboration."); Advisory Committee Note to the 2000 amendment to Fed.R.Civ.P. 26(b)(1) ("[I]nformation that could be used to impeach a likely witness . . . might be properly discoverable" under revised federal rules). Finally, a protective order will prevent the dissemination of the CVR tape in a manner contrary to Congress' intent in enacting 49 U.S.C. § 1154. If the existing protective order is not sufficient to prevent the tape from being used for sensational or unwarranted purposes, the parties can enter into a more detailed protective order, as has been done in other aircrash cases. *See,* e.g., *In re: Air Crash at Agana, Guam on August 6, 1997,* MDL 1237, ML 7211 (C.D.Cal.) (Order Filed February 12, 1999).

---

**8.** This Court ordered defendant Southwest to provide it with a copy of the CVR tape no later than June 14, 2002, at 4:00 p.m. Unfortunately, on June 14, 2002, defendant provided the Court with a CVR tape that was not intelligible, and the Court did not receive an intelligible copy of the tape until June 17, 2002. At the oral argument, the Court afforded defendant until June 26, 2002, to provide declarations regarding why the CVR tape submitted to the Court on June 14, 2002, was not intelligible, and why that was not defendant's fault.

The cases relied on by defendant to oppose the plaintiffs' motion are inapposite. Those cases pertain to requests under the Freedom of Information Act ("FOIA") by newspapers or other media for access to CVR tapes for public dissemination and discussion. For instance, in *New York Times Co. v. Nat'l Aeronautics & Space Admin.*, 782 F.Supp. 628 (D.C.D.C.1991), a New York Times reporter sought access to all voice communication tapes regarding the explosion of the Space Shuttle Challenger, arguing that the tapes were significant because "voice inflections and background noises ... *might* reveal something as to whether the astronauts knew about the disaster and their impending deaths," and, therefore, public production of such tapes would contribute significantly to the public's understanding of NASA operations. *Id.* at 633 (emphasis in original). The district court disagreed, stating the public had already been provided with accurate transcripts of "every word that was spoken in the cabin" and the families of the deceased astronauts had a privacy interest in the tape that clearly outweighs any speculative public interest put forth by the reporter. *Id.* Here, plaintiffs are not seeking production of the CVR tape under the FOIA, and are not seeking to make the tape publicly available. Rather, plaintiffs will use the CVR make the tape publicly available. Rather, plaintiffs will use the CVR tape for the limited purpose of prosecuting their action, and its dissemination is restricted by the protective order.

## ORDER

1. Plaintiffs' motion to compel production of the unedited recording from the cockpit voice recorder is granted, and defendant Southwest shall provide plaintiffs with six (6) copies of that recording no later than July 3, 2002. If the parties believe that the existant protective order(s) is insufficient to comply with 49 U.S.C. § 1154, they should enter into a separate protective order addressing the concerns of that statute, no later than July 3, 2002.