Brandon WOLF, Plaintiff–Appellant,

v.

Kevin WOLF, Pamela Korwin, Xpam Services Corp. and Xpam Management Corp., Defendants–Appellees,

Jeffrey WOLF, Appellant.

Docket No. 02–7728.

United States Court of Appeals, Second Circuit.

March 7, 2003.

Jose Anibal Baez, New York, N.Y., for Appellants.

Mitchell K. Aaron, Kreinik Aaron & Gersh, LLP, New York, N.Y., for Appellee Kevin Wolf.

Patrick M. Reilly, Delbello, Donnellan, Weingarten, Tartaglia, Wise & Wiederkehr, LLP, White Plains, N.Y., for Appellee Pamela Korwin.

Present: STRAUB, KATZMANN and RAGGI, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the District Court is hereby AFFIRMED in part and VACATED and REMANDED in part for further proceedings.

Plaintiff–Appellant Brandon Wolf ("Brandon") and Additional Party–Appellant Jeffrey Wolf ("Jeffrey") appeal from a May 28, 2002, order of the District Court (Thomas P. Griesa, *Judge*) granting Defendants–Appellees Kevin Wolf and Pamela Korwin's motion to enforce a stipulation of settlement (the "Settlement Agreement") entered into by the parties on July 1, 1999. Pamela Korwin and Kevin Wolf argued in their motion that Brandon and Jeffrey were refusing to abide by decisions rendered by Vivian Shelanski ("Shelanski"), a neutral mediator with JAMS, a provider of mediation services, in violation of the Settlement Agreement.

As part of the Settlement Agreement, the parties formed Rapid Park Holding Corporation ("Rapid Park") for the purpose of consolidating a group of family-owned parking garages. The Settlement Agreement provides that Rapid Park's board of directors will consist of the four Wolf siblings, and that in the event of a vote deadlock, a neutral mediator will be engaged to render a final, binding, and unappealable tie-breaking decision. When a dispute arose with respect to leasing Rapid Park's garages, the siblings engaged the services of Shelanski. On December 6, 2000, Shelanski rendered her first tie-breaking decision by ruling that the Settlement Agreement requires that Rapid Park lease its garages. Later, on November 20, 2001, Shelanski rendered a second tie-breaking decision by ruling that, despite the events of September 11th, the leasing process agreed to by the siblings should continue.

Two subsequent letters written by Brandon and Jeffrey prompted Pamela Korwin and Kevin Wolf's motion to enforce the

Settlement Agreement. On March 21, 2002, Brandon and Jeffrey wrote to Shelanski informing her that they would no longer consent to her service as a mediator and instructed her to cease and desist from any further involvement with Rapid Park. On March 26, 2002, Brandon and Jeffrey wrote to Tim Mustafaj, the chief operating officer of Rapid Park, informing him that Brandon and Jeffrey objected to him spending any more of his time or Rapid Park's assets on the leasing of garages.

Thereafter, Pamela Korwin and Kevin Wolf sought relief in the District Court. The court granted their motion to enforce, ordering (1) Shelanski to continue to act in her capacity as the mediator for all deadlocks reached by the board of directors of Rapid Park relating in any way to the leasing of Rapid Park's garage locations, and (2) Rapid Park and its shareholders to comply with the binding and non-appealable decisions of Ms. Shelanski relating to the preparation, review, and circulation of the request-for-proposals relating to the leasing of the garages. Brandon and Jeffrey now appeal, arguing that the District Court exceeded its limited retention of jurisdiction by modifying the terms of the Settlement Agreement. Specifically, Brandon and Jeffrey argue that the District Court modified the Settlement Agreement's mediation provisions by designating Shelanski as the exclusive leasing mediator.

We review a district court's interpretation of a settlement agreement *de novo*. *Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 307 (2d Cir.1996). It is well-established that "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Corp., v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). A district court may enforce a settlement agreement when it properly re-

tains jurisdiction to do so, as was the case here, but the retention of jurisdiction does not permit the district court to modify the agreement's terms, absent special circumstances such as a material breach or duress. *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 629 (2d Cir.1982). If the terms of a settlement agreement are unambiguous, "courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Palmadessa*, 173 F.3d at 484.

The Settlement Agreement's mediation provisions provide:

> **In the event of a dead-lock on any vote** requiring Board of Directors' action, the parties agree promptly to engage the services of a neutral mediator, paid for by [Rapid Park], who will meet with the Board of Directors, hear the opposing views of the Board, and then **render a tie-breaking vote which will be binding on the Board of Directors** and the parties hereto. The parties agree that in the event the issue is submitted to mediation, **they will accept the mediator's ruling as final** and hereby waive any right of appeal from the mediator's ruling. The Court will retain jurisdiction over all parties to this Stipulation and Order of Settlement to enforce any decision of the mediator.

Settlement Agreement ¶ 8 (emphasis added). The Settlement Agreement further provides:

> The parties agree that the American Arbitration Association, Endispute, J*A*M*S or any other similar entity shall be employed by [Rapid Park] to provide a mediator wherever mediation is referred to in this Stipulation and Order of Settlement. The entity employed by [Rapid Park] shall choose the identity of the individual mediator. **In**

the event that the parties cannot agree on which entity shall provide said mediator, then the American Arbitration Association shall be employed by Holding.

Settlement Agreement ¶ 43 (emphasis added).

■ In light of the language contained in the Settlement Agreement, the second obligation imposed by the District Court is well within the court's limited retention of jurisdiction and is affirmed. The second obligation requires the parties to comply with Shelanski's mediation rulings. Such an obligation merely reiterates the parties' pre-existing obligation under the Settlement Agreement to accept a mediator's tie-breaking vote or ruling as final, binding, and unappealable.

■ The first obligation imposed by the District Court's order is more problematic. The order designates Shelanski as the exclusive mediator for all future vote-deadlocks relating in any way to the leasing of Rapid Park's garages. Yet, the Settlement Agreement contemplates that a mediator be selected on a deadlock-by-deadlock basis and provides that in the event the parties cannot agree upon a mediator, the AAA will serve as the default mediation entity. Thus, the first obligation imposed by the District Court goes beyond the plain provisions of the Settlement Agreement and modifies its terms.

A district court's modification of a settlement agreement may be valid, however, where a party has materially breached the agreement. *See, e.g., In re Air Crash Disaster*, 687 F.2d at 629 (cited approvingly in *Manning v. New York Univ.*, 299 F.3d 156, 164 (2d Cir.2002) (per curiam)); *Scharf v. Levittown Public Schools*, 970 F.Supp. 122, 129 (E.D.N.Y.1997). Although the District Court stated that "Shelanski's services as [a] mediator with regard to the leasing issues may well be required to implement the basic rulings

she has made," the District Court did not rule that Jeffrey and Brandon had materially breached the Settlement Agreement. We therefore deem it appropriate to remand to the District Court for consideration of whether Jeffrey and Brandon's actions amounted to a material breach of the Settlement Agreement, thereby justifying the additional obligation imposed on them by the District Court.

For the reasons set forth above, the order of the District Court is hereby AFFIRMED in part and VACATED and REMANDED in part for further proceedings not inconsistent with this order.