Beverly B. **ROBINSON,** Sylvia Howard, Harry Leaphart III, Steven A. Robertson, Kevin W. Sanders, Melva C. Johnson, Plaintiffs,

Keith Prioleau, Plaintiff–Appellant,

v.

**SIKORSKY AIRCRAFT CORP.,**
Defendant–Appellee.

No. 04–0399–CV.

United States Court of Appeals,
Second Circuit.

July 1, 2005.

Keith Prioleau, Stratford, CT, for Appellant, pro se.

PRESENT: JACOBS, LEVAL, and SACK, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED IN PART** and **VACATED IN PART,** and that this case be **RE-MANDED** for proceedings consistent with this order.

Plaintiff–Appellant Keith Prioleau, *pro se,* appeals from a judgment entered on December 12, 2003, in the United States District Court for the District of Connecticut (Goettel, *J.*), granting by endorsement

Defendant–Appellee Sikorsky Aircraft Corporation's motion for costs in the amount of $18,254.11, after Sikorsky prevailed at trial on Prioleau's employment discrimination claims. Prioleau was represented by counsel in the district court. We assume familiarity with the facts, the procedural history, and the issues on appeal.

This Court reviews an order awarding costs for an abuse of discretion. *See In re Air Crash Disaster*, 687 F.2d 626, 629 (2d Cir.1982). A district court abuses its discretion where [i] "its decision rests on an error of law ... or a clearly erroneous factual finding" or [ii] "its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir.2001).

■ 1. Sikorsky's motion for costs was timely. Prioleau's contrary assertion overlooks that, under Fed.R.Civ.P. 6(a), intermediate Saturdays and Sundays are excluded when (as here) the time period is less than 11 days.

■ 2. Prioleau argues that the district court erred by imposing on him the full cost of depositions taken by Sikorsky. We cannot tell from the record which of Sikorsky's depositions—all taken before any plaintiffs settled—were undertaken in connection with Prioleau's case. The district court made no finding on that question. And, in the event the depositions were all relevant to the cases of each of the plaintiffs, the court gave no explanation why Prioleau should be charged more than a pro rata share. *See Air Crash Disaster*, 687 F.2d at 630 (holding that where some plaintiffs settled with the defendant "without costs" and the non-settling plaintiffs prevailed at trial, the non-settling plaintiffs were "entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs plus any items incurred specially on behalf of the non-settlers"). We therefore vacate the $16,525.13 award for deposition costs and remand the issue of deposition costs for reconsideration.

■ We recognize that Prioleau failed to raise this claim of error in the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below."). But waiver *may* be excused when necessary to avoid manifest injustice, *see, e.g., Amalgamated Clothing & Textile Workers Union v. Wal–Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir.1995), or where the appellee has waived the claim of waiver, *see, e.g., United States v. Layeni*, 90 F.3d 514, 522 (D.C.Cir.1996); *see also United States v. Yu*, 285 F.3d 192, 198 (2d Cir.2002) (where claim was raised for first time on appeal, but government did not argue waiver, "it may be that any claim of waiver has itself been waived"). Here, the (potential) error of law is clear, the award for deposition costs is substantial, and Prioleau claims financial hardship due to his recent termination from employment at Sikorsky. Prioleau has thus shown that his claim should be considered in order to avoid manifest injustice. Moreover, Sikorsky has filed no appellee's brief, and failed to respond to this Court's February 9, 2005 letter of inquiry. Sikorsky has thereby waived the claim of waiver.

■ 3. We also vacate the award of $1,619.98 in subsistence (lodging and meals) and transportation fees for an expert witness called by Sikorsky at Prioleau's trial. Prioleau objected to these costs in the district court.

Sikorsky did not submit a receipt for the airline ticket, *see* 28 U.S.C. § 1821(c)(1) (where common carrier fees are requested, "[a] receipt or other evidence of actual cost shall be furnished"); D. Conn. L. Civ. R. 54(c)(4)(iii) ("Receipts for common carrier expenses shall be appended to the bill of costs."), and it is unclear that the taxicab fees were for travel between "places of lodging and carrier terminals," 28 U.S.C. § 1821(c)(3); D. Conn. L. Civ. R. 54(c)(4)(iii) (same). The record is also insufficient to establish that the $152.98 in subsistence fees was within "the statutory limits," D. Conn. L. Civ. R. 54(c)(4)(i); 28 U.S.C. § 1821(d)(2) ("A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services ... for official travel in the area of attendance."), insofar as the location of the witness's place of lodging is unclear, *see* U.S. Gen. Servs. Admin., Per Diem Rates, Connecticut—2003, *available at* http://www.gsa.gov/ Port al/gsa/ep/content View.do?quer yYear= 2003 & noc=T & queryState=C onnecti- cut & contentType=GSA_BASIC & con- tentId=17943 (last visited July 1, 2005) (listing maximum per diem rates for cities and counties in Connecticut).

■ 4. Finally, Prioleau seeks relief from any award of costs based on financial hardship. First, the argument is waived because Prioleau failed to present it (or even explain his financial circumstances) to the district court; second, it is meritless. *See Whitfield v. Scully,* 241 F.3d 264, 270 (2d Cir.2001) ("[A] district court *may* deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." (emphasis added)); 28 U.S.C. § 1915(f)(1) ("Judgment may be rendered for costs at the conclusion of [a proceeding *in forma pauperis* ] as in other proceedings[.]").

We have considered Prioleau's remaining arguments and find each of them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART,** and this case is **REMANDED** for proceedings consistent with this order.