**TOWN OF POUGHKEEPSIE,**
Plaintiff–Counter–Defendant–
Appellee,

v.

**Thomas ESPIE, and Betty Espie,**
Defendants–Counter–Claimants–
Cross–Claimants–Appellants.

Nos. 06–2945–cv (L), 06–3157–cv (CON).

United States Court of Appeals,
Second Circuit.

March 19, 2007.

Kenneth McCullogh, Ballard, Rosen-
berg, Golper & Savitt LLC, New York,
NY, for Appellant.

David F. Kunz, DeGraff, Foy, Kunz &
Devine, LLP, George J. Szary & Laura C.
Deitz, of counsel, Albany, NY, for Appel-
lee.

Present: JOSEPH M. McLAUGHLIN,
ROSEMARY S. POOLER, J. CLIFFORD

WALLACE,* Circuit Judges.

## SUMMARY ORDER

Thomas and Betty Espie (the "Espies") appeal two orders of the United States District Court for the Southern District of New York denying a request for attorney's fees and court costs, and denying reconsideration of same. The parties' familiarity with the facts and the specification of issues on appeal is assumed.

The Espies made their claim for attorney's fees pursuant to the closing agreement of a property sale, which was originally asserted in a counter-claim over which the district court declined to assert pendent jurisdiction. The Espies then moved after judgment, pursuant to Federal Rule of Civil Procedure Rule 54(d)(2)(A) ("Rule 54(d)") for attorney's fees and court costs. However, "[c]laims for attorneys' fees ... [may] be made by motion unless the substantive law governing the action [i.e. contract law] provides for the recovery of such fees as an element of damages to be proved at trial." *Jones v. UNUM Life Ins. Co.*, 223 F.3d 130, 137 (2d Cir.2000). The plain text of Rule 54(d) and the Advisory Committee Notes to the 1993 Amendments clearly indicate that the recovery of attorney's fees that must be submitted to the jury as an element of damages in a counterclaim cannot be awarded merely on the basis of the adjudication of a post-judgment motion.

This court reviews claims for attorney's fees and costs only for abuse of discretion. *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975,* 687 F.2d 626, 629 (2d Cir.1982). Because the

district court properly identified that the Espies' only ground for the recovery of attorney's fees was contractual, it was not error to deny this application as inconsistent with the provisions of Rule 54(d), and accordingly the district court's decision not to award fees was not an abuse of discretion.

Additionally, the Espies did not argue below nor do they raise here the issue of whether they were entitled to court costs as a matter of course, a ground entirely separate from their contract claim. Accordingly, we should not consider this argument here, and this conclusion is reinforced by the fact that the Espies did not raise this argument before us. *See Gaste v. Kaiserman,* 863 F.2d 1061, 1069 n. 6 (2d Cir.1988) (discussing forfeiture of unpreserved errors); *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 114 (2d Cir.2005) (discussing waiver of arguments not presented on appeal).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the United States District Judge for the Southern District of New York and it hereby are **AFFIRMED.**

---

* The Honorable J. Clifford Wallace, United States Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.