# United States Court of Appeals for the Federal Circuit

2008-1600

ORTHO-MCNEIL PHARMACEUTICAL, INC.
and JOHNSON & JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT, LLC,

Plaintiffs,

and

DAIICHI PHARMACEUTICAL CO., LTD.,

Plaintiff-Appellee,

v.

MYLAN LABORATORIES INC.
and MYLAN PHARMACEUTICALS INC.,

Defendants-Appellants.

Mark Boland, Sughrue Mion, PLLC, of Washington, DC, argued for plaintiff-appellee. With him on the brief were Brett S. Sylvester and Michael R. Dzwonczyk. Of counsel on the brief were Henry B. Gutman, Robert A. Bourque and Noah M. Leibowitz, Simpson Thacher & Bartlett, LLP, of New York, New York.

James H. Wallace, Jr., Wiley Rein LLP, of Washington, DC, argued for defendants-appellants. With him on the brief were Kevin P. Anderson, Robert J. Scheffel and Brian H. Pandya.

Appealed from: United States District Court for the Northern District of West Virginia

Judge Irene M. Keeley

# United States Court of Appeals for the Federal Circuit

2008-1600

ORTHO-MCNEIL PHARMACEUTICAL, INC.
and JOHNSON & JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT, LLC,

Plaintiffs,

and

DAIICHI PHARMACEUTICAL CO., LTD.,

Plaintiff-Appellee,

v.

MYLAN LABORATORIES INC.
and MYLAN PHARMACEUTICALS INC.,

Defendants-Appellants.

Appeal from the United States District Court for the Northern District of West Virginia in case no. 1:02-CV-32, Judge Irene M. Keeley.

_____

DECIDED: June 10, 2009

_____

Before MAYER, DYK, and MOORE, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Defendants-Appellants Mylan Laboratories and Mylan Pharmaceuticals (collectively "Mylan") appeal from the district court's order awarding approximately $1.3 million in costs to Plaintiff-Appellee Daiichi Pharmaceutical Co. ("Daiichi") under

28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). We affirm-in-part, vacate-in-part, and remand.

BACKGROUND

This appeal concerns an award of costs stemming from a patent dispute. Daiichi is the owner of U.S. Patent No. 5,053,407, which is directed to an antibiotic compound known as levofloxacin. Levofloxacin is a pioneer drug registered with and approved by the United States Food and Drug Administration under the trade name "Levaquin." Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 267 F. Supp. 2d 533, 536 (N.D. W. Va. 2003). In November 2001, Mylan submitted an abbreviated new drug application to the Food and Drug Administration seeking approval to manufacture and sell levofloxacin tablets, together with a so-called "Paragraph IV" certification contending that Daiichi's patent was invalid. See 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Daiichi brought a Hatch-Waxman infringement suit against Mylan.[1] See 35 U.S.C. § 271(e)(2). Mylan asserted that Daiichi's patent was invalid or unenforceable on several grounds. The district court found that Mylan had failed to prove any of its invalidity or unenforceability contentions by clear and convincing evidence, and we affirmed. Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., No. 1:02-CV-32, 2005 WL 41648, at *1 (N.D. W. Va. Jan. 4, 2005), aff'd, 161 F. App'x 944, 945 (Fed. Cir. 2005); see also Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 348 F. Supp. 2d 713, 764 (N.D. W. Va. 2004).

---

[1] Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research and Development, LLC, which hold licenses from Daiichi to manufacture levofloxacin in the United States, were co-plaintiffs with Daiichi in the district court. As the result of a settlement with Mylan concerning costs, however, they are not parties to this appeal.

As the prevailing party in the action, Daiichi submitted to the district court a bill of costs pursuant to Federal Rule of Civil Procedure 54(d)[2] and 28 U.S.C. § 1920 seeking approximately $2.2 million from Mylan. Mylan raised numerous objections to Daiichi's bill of costs, including the argument that certain discovery had been conducted jointly for this action and a separate levofloxacin-related civil action against Teva Pharmaceuticals, Inc. in a different district court, and that costs of the discovery should be apportioned between the two actions.

On August 18, 2008, the district court entered a thirty-one page "Order Reducing Daiichi's Bill of Costs and Awarding Costs" awarding costs to Daiichi, but in a lesser amount than sought by Daiichi. Ortho-McNeil, No. 1:02-CV-32, slip op. at 1 (N.D. W. Va. Aug. 18, 2008) ("Order"). After reducing Daiichi's requested costs by approximately 40% (including most notably a substantial reduction in translation costs awarded), the district court awarded costs, which are summarized as follows:

| | |
|---|---|
| Fees of Clerk | $ 75.00 |
| Service of summons & subpoena | $ 1,676.81 |
| Court reporter fees: | |
|     Trial transcripts | $ 31,225.18 |
|     Pre-trial hearing transcripts | $ 4,924.20 |
|     Deposition transcripts | $ 112,911.70 |
| Witness fees | $ 53,939.94 |
| Exemplification & copying fees | $ 89,424.20 |
| Interpretation | $ 24,512.36 |
| Translation | $ 1,011,712.00 |
| | |
| Total | $ 1,330,401.39 |

---

[2]    Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."

<u>Order</u>, slip op. at 30-31.  In addition, the district court rejected Mylan's argument that discovery costs should be allocated between its case and the Teva action, noting that "no deposition at issue . . . was undertaken by Teva solely for use in that case" without also being necessary for Mylan's case.  <u>Id.</u> at 29.  Mylan timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

We apply the law of the regional circuit, here the Fourth Circuit, in reviewing the award of costs under Rule 54(d) and 28 U.S.C. § 1920.  <u>See</u> <u>Summit Tech., Inc. v. Nidek Co.</u>, 435 F.3d 1371, 1374 (Fed. Cir. 2006).  Under Fourth Circuit law, Rule 54(d) "creates the presumption that costs are to be awarded to the prevailing party," and we review a district court's award of costs for abuse of discretion.  <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999).

On appeal, Mylan essentially restates many of the same arguments it made to the district court opposing Daiichi's bill of costs.  With regard to the large majority of the costs, we see no basis to disturb the judgment of the district court.  Thus, we affirm the district court's award of translation costs for potential trial exhibits, translation costs for privilege log documents, and other costs not discussed below.

One issue, however, requires further discussion.  The district court here rejected Mylan's argument that the joint discovery costs should have been apportioned between this action and the parallel levofloxacin case in the District of New Jersey brought against Teva.  <u>Order</u>, slip op. at 29–30; <u>see</u> <u>Ortho-McNeil Pharm., Inc. v. Teva Pharms. USA</u>, No. 3:02-CV-02794 (D.N.J. filed June 12, 2002).  On appeal Mylan argues that this was erroneous.

Although no formal joint-discovery agreement appears to have been entered on the docket of either court, the parties do not dispute that for Daiichi's convenience the depositions of Daiichi's witnesses were in fact taken jointly by Mylan and Teva, with attorneys for both Mylan and Teva present, and with the captions of both cases on the transcripts. In other words, the depositions were formally taken in both cases. There is also no dispute that the depositions at issue were necessary in both cases. Indeed, Daiichi admits that the New Jersey district court could have properly taxed the deposition costs, and it acknowledged at oral argument that, had the New Jersey district court done so, Daiichi could not have also recovered those same costs in this action.

However, Daiichi points out that costs were not awarded in the New Jersey action against Teva. Rather, Daiichi and Teva executed a settlement agreement. As described by Daiichi, "in exchange for Teva agreeing not to appeal the New Jersey district court's grant of summary judgment [to Daiichi on the issue of inequitable conduct], Daiichi agreed not to seek to recover its otherwise taxable costs in that case." Pl.-Appellee's Br. 15. The stipulated order of dismissal entered by the New Jersey district court reflected this arrangement, stating that "all parties shall bear their own costs and attorneys' fees."

Daiichi argues that because it did not in fact receive its costs at the conclusion of the New Jersey action, it was appropriate for the district court here to award all of the shared deposition costs without reduction. In contrast, Mylan argues that Daiichi effectively received half of the shared costs when it settled with Teva, waiving actual payment of the costs in return for Teva forgoing an appeal. In its view, to prevent a double recovery, the district court was required to either deny costs entirely or to reduce

the award of shared deposition-related costs in this case by 50% to reflect the portion of costs already "recovered" by Daiichi in the Teva settlement.

The parties cite (and we have found) no governing Fourth Circuit precedent on whether costs must be apportioned in such circumstances; accordingly, we rely on general principles of law enunciated by our sister circuits. As a general rule, it is well established that in multiparty proceedings before a single judge (as where multiple losing parties are joined in one case, or where multiple cases are consolidated into a single proceeding), the district court has discretion to apportion payment of jointly incurred costs among the losing parties[3] or to invoke the default rule that the losing parties are jointly and severally liable for costs.[4] In the latter situation, the prevailing party typically may elect to secure payment of the entire award from any one of the

---

[3] See, e.g., Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763–64 (8th Cir. 2006); In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469 (3d Cir. 2000) ("This power to apportion between parties also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants and plaintiffs such as this one . . . ."); see also 10 James Wm. Moore, Moore's Federal Practice § 54.101[4] (3d ed. 2008) ("If there are multiple losing parties, the district court generally has discretion to impose an award of costs jointly or severally or to disaggregate costs and impose them individually."); 10 Charles Alan Wright et al., Federal Practice and Procedure § 2668 at 243 (3d ed. 1998) ("In proper cases the costs also may be apportioned among the parties . . . .").

[4] See, e.g., Anderson v. Griffin, 397 F.3d 515, 522–23 (7th Cir. 2005) ("The cases say that the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs."); In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005); Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 496-97 (8th Cir. 2002); In re Paoli, 221 F.3d at 469–70.

losing parties.[5]  Any such award, whether apportioned or awarded jointly and severally, is subject to the usual limitation that the prevailing party may receive only one satisfaction of costs; that is, he "cannot recover more than his total entitlement." Anderson, 397 F.3d at 523.[6]  In such cases, the fact that a single district court judge oversees the award of costs ensures that the prevailing party will not obtain a double recovery of the same costs.[7]

The governing rules are less clear, however, where joint discovery is conducted in multiple cases pending in different districts.  In such a situation there is no single judge who can make an overarching determination concerning the award of jointly-incurred costs at the conclusion of the cases.  Accordingly, there is a risk of impermissible double recovery.  Had the New Jersey court made an actual award of costs to Daiichi, it would have been impermissible for the district court here to award the

---

[5]    See Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 517 n.13 (4th Cir. 2002) ("Joint and several liability means that the person who has been harmed can sue and recover from both wrongdoers or from either one of the wrongdoers." (alteration and quotation marks omitted)); see also Anderson, 397 F.3d at 523 ("Ordinarily when parties are jointly and severally liable, it means that each party is fully liable . . . .  This leaves [the prevailing party] free to pick and choose and if he wants collect the total entitlement from one of several liable persons . . . .").

[6]    See also Chisholm v. UHP Projects, Inc., 205 F.3d 731, 737 (4th Cir. 2000) (noting that allowing a double recovery is ordinarily against legal policy); EnergyNorth Natural Gas, Inc. v. Century Indem. Co., 452 F.3d 44, 58  (1st Cir. 2006) (noting, in a discussion of costs and fees, that the prevailing party was not entitled to a double recovery).

[7]    See, e.g., Marmo, 457 F.3d at 764 (approving district court's apportionment among thirteen plaintiffs of expenses incurred during consolidated discovery because  "the apportionment reduced the risk of duplicative cost recovery"); Camarillo v. Pabey, No. 2:05-CV-455, 2007 WL 3102144, at *3 & n.2 (N.D. Ind. Oct. 22, 2007) (apportioning shared deposition costs proportionately among multiple related cases, and noting that no windfall or double recovery would result).

same costs. The district court recognized this fact, and Daiichi in fact agreed at oral argument that the same costs could not be awarded in both actions.

We see no basis for treating a settlement situation differently. Here it is apparent that Daiichi has in effect already recovered some amount of costs through its settlement agreement with Teva. Although Teva did not actually pay costs to Daiichi in cash, the taxable costs in the New Jersey action (including deposition costs) were unquestionably taken into account by the parties' settlement, in which Daiichi agreed not to seek actual payment of costs as consideration for Teva foregoing its appeal. Having recovered the value of those costs in the form of the foregone appeal, Daiichi cannot now recover more than its total entitlement by obtaining those same costs again from Mylan. See Chisholm, 205 F.3d at 737; see also Anderson, 397 F.3d at 523; In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975, 687 F.2d 626, 629–30 (2d Cir. 1982). Because the district court here did not apportion costs between the two actions, we vacate the award of costs in this one respect and remand for further proceedings.

The record before us does not indicate what taxable costs were included in the settlement (and hence were effectively recovered or waived). In this regard, we find persuasive the Second Circuit's approach in somewhat similar circumstances in In re Air Crash Disaster, 687 F.2d at 629–30. There, numerous suits involving one defendant were filed. All but thirty-six plaintiffs settled before a consolidated trial, in which the defendant was found liable. Id. at 629. Seventeen of the remaining plaintiffs then settled with the defendant after trial (but before costs were taxed), subject to the stipulation that the settlement was "without costs." Id. Four more then settled with the

same stipulation after costs were taxed.  Id.  The district court awarded all of the costs of the trial to the remaining non-settling plaintiffs.  The Second Circuit reversed, holding that a pro-rata reduction was required to account for the share of the joint costs associated with the "plaintiffs who agreed that [the defendant] would not be required to pay their costs."  Id.  We agree that as a default rule, a mechanical allocation by the number of parties sharing those costs is reasonable, but there may be other considerations that could make such a mechanical allocation inappropriate.  Although the parties here have not identified any such factors, we remand for the district court to make the apportionment determination in the first instance.

We therefore vacate the judgment of the district court with regard to the portion of the award of costs related to jointly taken depositions, and remand to the district court to apportion in this action the disputed deposition costs.[8]  We affirm as to all other costs awarded.

<u>AFFIRMED-IN-PART</u>, <u>VACATED-IN-PART</u>, and <u>REMANDED</u>

COSTS

Each party shall bear its costs on appeal.

---

[8]     Although Mylan at several points contends that <u>all</u> costs taxed (as opposed to joint discovery costs) should be apportioned, like the district court we see no basis here for apportioning trial costs and other costs for items not expressly coordinated by Mylan and Teva for use in both cases.

We note that at oral argument, counsel indicated that some costs itemized under witness fees and interpretation might also be attributable to the joint depositions.  If on remand the district court determines this to be the case, it should apportion those costs as well.