**Rajeshwar Singh YADAV, Plaintiff,**

v.

**BROOKHAVEN NATIONAL LABORA-TORY, and Brookhaven Science Associates, Defendants.**

No. 99–CV–5602(ADS)(MLO).

United States District Court, E.D. New York.

Jan. 8, 2004.

Rajeshwar Singh Yadav, Princeton Junction, NJ, Plaintiff Pro Se.

Seyfarth Shaw, by Lynn Kappelman, Edward Cerasia II, Cynthia A. Glasgow, and Devjani Mishra, of Counsel, New York City, for Defendants.

### ORDER

SPATT, District Judge.

The plaintiff *pro se* Rajeshwar Singh Yadav ("Yadav" or the "plaintiff") brought this action against his employer Brookhaven National Laboratory ("BNL") and Brookhaven Science Associates ("BSA") (collectively, the "defendants") alleging that he was denied a promotion and subjected to unequal terms and conditions of employment based upon his race and national origin in violation of 42 U.S.C. § 1981. On August 2, 2000, the Court dismissed all of the claims in the complaint except the Section 1981 claim against the defendants for alleged acts occurring after January 28, 1997.

Thereafter, the plaintiff filed three amended complaints. On November 30, 2001, the Court dismissed all of the claims in the third-amended complaint except the Section 1981 claim against the defendants. In May 2002, a jury trial was held. On May 14, 2002, after completion of all the evidence in the case, the Court granted the defendants' motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

On May 31, 2002, the Court memorialized the May 14, 2002 decision in a written order noting that: (1) the defendants proffered a legitimate, non-race based reason for not promoting the plaintiff; (2) the plaintiff did not suffer an adverse employment action; (3) the plaintiff's salary, on the low end of the scale, was insufficient to show discrimination based on race or national origin; and (4) incidents in which the plaintiff was annoyed or irritated were insufficient to prove discrimination. *Yadav v. Brookhaven Nat'l Lab.*, 204 F.Supp.2d 509, 518–522 (E.D.N.Y. 2002).

On June 18, 2002 the plaintiff moved for reconsideration of the Court's decision to dismiss his case. While this motion was pending, on July 1, 2002, the defendants submitted a Notice of Taxation of Costs to the Court pursuant to Rule 54 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), requesting that costs be taxed in the amount of $26,210.20. Thereafter, on March 8, 2003, Yadav's motion for reconsideration was denied by the Court on the basis that the plaintiff failed to point to controlling decisions or data that the Court overlooked.

Presently before the Court is the plaintiff's motion to amend the March 8, 2003 order so as to state that each party bears the cost of its own litigation. Rule 59(e) governs motions to alter or amend judgments. This rule states that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The Court denied the plaintiff's motion for reconsideration on March 8, 2003. This order was entered by the Clerk of the Court on March 11, 2003. Therefore, in order to comply with Rule 59(e), the plaintiff

had until March 25, 2003 to file a motion to amend the judgment. Because the plaintiff filed this motion on March 25, 2003, the plaintiff's motion is timely.

■ However, no grounds exist to grant this motion. A motion to alter or amend a judgment pursuant to Rule 59(e) is appropriate when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led to a different result." *Saunders v. Edwards,* 03 Civ. 1087, 2003 WL 23021948, at *1 (S.D.N.Y. Dec. 22, 2003) (internal quotation omitted) (citing *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000)). Here, the plaintiff fails to point to controlling decisions or data that the Court overlooked in its March 8, 2003 order.

■ In construing the *pro se* plaintiff's motion liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this motion may also be interpreted as an opposition to the defendant's Notice of Taxation of Costs. *See* Local Civ. Rule 54.1(b) (providing that "a party objecting to any cost item shall serve objections in writing prior to or at the time of taxation"). Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Because the Court granted the defendants' motion for judgment as a matter of law pursuant to Rule 50, the defendants are the prevailing parties in this case.

■ The permissive wording of Rule 54 provides the Court with broad discretion on whether to tax costs against a losing party. *Brodie v. Pressley,* No. 95 Civ. 1197, 1999 WL 691960, at *2 (S.D.N.Y. Sept. 7, 1999). The presumption that the prevailing party will be awarded costs cannot be overcome absent a showing of good cause for doing so. *Vails v. Police Dep't of the City of New York,* 96 Civ. 5283, 1999 WL 970490, at *1 (S.D.N.Y. Oct. 22, 1999) (ordering the plaintiff to pay the prevailing defendant's costs in an employment discrimination case.).

■ Among the factors to consider are the indigence of the losing party and whether he pursued the action in good faith. *See*

*Brodie v. Pressley,* 1999 WL 691960, at *2; *Vails v. Police Dep't of the City of New York,* 1999 WL 970490, at *1 (S.D.N.Y. Oct. 22, 1999) (The losing party's ability to pay is a consideration for the court in reviewing the taxation of costs.). However, a party's indigence does not preclude an award of costs. *See Glucover v. Coca–Cola Bottling Co. of New York, Inc.,* No. 91 Civ. 6331, 1996 WL 1998, at *2 (S.D.N.Y. Jan. 3, 1996) (The court assessed costs against a plaintiff who proceeded *pro se* and *in forma pauperis* in a Title VII employment discrimination law suit.). Therefore, costs may be imposed on a *pro se* plaintiff. *Id.*

The Court finds that the plaintiff fails to demonstrate good cause for deviating from the general rule that the prevailing party will be awarded costs. In addition, the plaintiff does not claim that he is indigent. Rather, the plaintiff merely disputes the nature and amount of the defendants' expenditures. Thus, there is no reason to depart from the general practice of awarding costs to the prevailing party. However, the Court notes that the defendants' request that their costs be taxed in the amount of $26,280.20 may be excessive.

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's motion to amend the Court's March 8, 2003 judgment and his objection to the defendants' notice of taxation of costs is **DENIED** without prejudice; and it is further

**ORDERED,** that the Clerk of the Court is directed to determine the amount of taxable costs incurred by the defendants in their successful defense of this action using the guidelines set forth in Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and it is further

**ORDERED,** that any party may serve a motion within 5 days from the date of the taxation requesting that the Court review the Clerk of the Court's determination of taxable costs pursuant to Fed.R.Civ.P. 54(d)(1).

**SO ORDERED.**