Sharon Fleming PERRY, Plaintiff,

v.

METROPOLITAN SUBURBAN BUS AUTHORITY, a.k.a. MTA Long Island Bus and Transport Workers' Union, Local 252, AFL–CIO, Defendants.

No. 03–CV–5388 (ADS)(JO).

United States District Court,
E.D. New York.

March 25, 2006.

Harriet A. Gilliam, Esq., Riverhead, NY, for Plaintiff.

Law Offices of Christopher E. Chang by Christopher E. Chang, Esq., New York City, for Defendant Metropolitan Suburban Bus Authority, a.k.a. MTA Long Island Bus.

Colleran, O'Hara & Mills L.L.P. by Edward J. Groarke, Esq., of Counsel, Garden City, NY, for Defendant Transport Workers Union, Local 252, AFL–CIO.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arose out of claims by Sharon Fleming Perry (the "plaintiff") that her former employer, the Metropolitan Suburban Bus Authority, also known as MTA Long Island Bus ("LI Bus"), wrongfully terminated her employment as a bus operator in violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 ("Section 1983"), and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 296; and that it conspired with the Transport Workers Union, Local 252, AFL–CIO ("Local 252" or the "Union") to deny her constitutional rights on the basis of her race in violation of 42 U.S.C. § 1985 ("Section 1985"). The plaintiff also alleged a cause of action under Section 1983 in that Local 252 violated the plaintiff's due process and equal protection rights.

On September 28, 2005, after the presentation of the entire case at trial, the Court granted the defendants' motions pursuant to Rule 50 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") for judgment as a matter of law, and dismissed the complaint in its entirety. On October 28, 2005, the Clerk of the Court awarded statutory costs pursuant to 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d)(1); and Local Rule 54.1 in the amount of (1) $968.26 for the defendant Local 252; and (2) $674.00 for the defendant LI Bus.

Presently before the Court are motions by the plaintiff pursuant to Fed.R.Civ.P. 54(d)(1) to set aside the taxation of costs as awarded by the Clerk of the Court. The defendant LI Bus has not filed any objection to the plaintiff's motion to set aside the costs assessed against her in LI Bus' favor. Accordingly, the plaintiff's motion to set aside the costs awarded to the defendant LI Bus is granted.

### I. BACKGROUND

The facts of this case are fully set forth in the Court's prior Memorandum of Decision and Order that determined the defendants' post-trial Rule 50 motions. *See Perry v. Metropolitan Suburban Bus Authority*, 390 F.Supp.2d 251 (E.D.N.Y.2005). Familiarity with the allegations, facts, and defenses as set forth in that Decision and Order is presumed. In sum, the plaintiff is a Black female who claims that her ten-year employment with LI Bus was terminated based on racial discrimination.

The plaintiff commenced this action on October 27, 2003. After the presentation of the entire case before a jury, the Court granted the defendants motions pursuant to Fed. R.Civ.P. 50 for judgment as a matter of law. *See Perry v. Metropolitan Suburban Bus Authority*, 390 F.Supp.2d 251 (E.D.N.Y. 2005). The Court determined that the plaintiff failed to establish the existence of a Section 1985 conspiracy between the Union and LI Bus; failed to establish the existence of any Section 1983 Equal Protection or Due Process violations by either defendant; and the plaintiff failed to support her claims of racial discrimination under Section 1981 and under the NYSHRL. Accordingly, the Court dismissed the complaint in its entirety.

On October 4, 2005, as the prevailing parties in this action, the defendants each submitted a bill of costs to the Clerk of the Court seeking reimbursement for certain monies spent in defending this action. Local 252 sought reimbursement for (1) service of a subpoena in the amount of $190.00; (2) witness fees in the amount of $104.26; and (3) production of the transcripts of the depositions of the plaintiff and a Dr. Lewis in the amounts of $400.00 and $855.00, respectively.

On October 11, 2005, the plaintiff filed objections to Local 252's request for costs related to the production of transcripts of depositions on the ground that the depositions were not used primarily or extensively

for trial, but were used mainly as a discovery tool, for which taxation is not permitted.

Following a telephone conference on October 28, 2005, the Clerk of the Court assessed costs against the plaintiff in favor of Local 252 as follows: (1) costs for the depositions were reduced from $1,295.00 to $674.00; and (2) other costs were awarded in the amounts of (a) $190.00 for the service of summons and subpoenas; and (b) $104.26 for witnesses. On November 7, 2005, the plaintiff made the instant application to set aside the costs awarded to the defendants.

## II. DISCUSSION

■ Section 1920 of title 28 of the United States Code provides, in part, that

A judge or clerk of any court of the United States may tax as costs the following: ... (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; [and] (5) Docket fees under section 1923 of this title.

28 U.S.C. § 1920. Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Taxation of costs if left to the discretion of the Court, and may be overturned on appeal "only in the event of an abuse of discretion." *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 629 (2d Cir. 1982); *Mid–Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 38 n. 3 (2d Cir.1978); *see also Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir.2001) ("Such an award is the norm, not the exception."). Because such an award against the losing party is the normal rule in civil litigation, the plaintiff bears the burden of showing why the imposition of costs in this instance was improper. *Whitfield*, 241 F.3d at 270.

The plaintiff contends that the award of deposition-related costs should be set aside because (1) the Union did not rely extensively on the deposition testimony at trial; and (2) the Court did not consider the depositions in ruling on the defendants' motions for summary judgment. Therefore, the plaintiff argues that the depositions were used primarily as non-taxable discovery tools. Also, the

plaintiff argues that the entire award of costs should be set aside in the Court's discretion because of the plaintiff's asserted indigence and her pursuit of the action in good faith.

### A. As to the Deposition Testimony

■ Local Rule 54.1(c)(2) states, in part, that

Unless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable.

Local Rule 54.1(c)(2) (emphasis added). The plaintiff argues that the costs of her and Dr. Lewis' depositions should be set aside because the defendants "did not rely extensively on the depositions" at trial. As noted above, the standard does not require that the depositions be relied on "extensively," only that they be "used or received." Here, both the plaintiff and Dr. Lewis testified at the trial. This alone is sufficient to end the inquiry as to whether their depositions were "used" at the trial. *See DiBella v. Hopkins*, 407 F.Supp.2d 537, 541 (S.D.N.Y.2005); *Browne v. Greensleeves Records, Ltd.*, No. 03civ7696, 2005 WL 2716568, at *3 (S.D.N.Y. Oct. 21, 2005); *Anderson v. City of N.Y.*, 132 F.Supp.2d 239, 246 (S.D.N.Y.2001). Furthermore, the trial transcript indicates that counsel for the defendants made references to, and read specific portions of, the plaintiff's deposition testimony several times at the trial. At least two of these occasions were in an effort to contradict the plaintiff's testimony. In addition, the plaintiff's deposition was used on at least one occasion during the testimony of Dr. Lewis.

The plaintiff further argues that the "depositions were conducted almost a year before trial." This contention is without merit. Regardless of when the depositions were taken, the relevant inquiry is whether, at the time they were taken, "it was reasonably expected

that the transcript would be used for trial preparation." *Anderson,* 132 F.Supp.2d at 246 (quoting *U.S. Media Corp. v. Edde Entm't, Inc.,* No. 94 Civ. 4849, 1999 WL 498216, at *9 (S.D.N.Y. July 14, 1999)). That standard has been met. Accordingly, the plaintiff's motion to set aside the award of costs for her own and Dr. Lewis' depositions is denied.

### B. As to Indigence and Good Faith

 Finally, the plaintiff argues that the Court should set aside the award of costs because she has limited financial means, and pursued this action in good faith. "Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith." *DeJesus v. Starr Technical Risks Agency, Inc.,* 2005 WL 957389, at *2, 2005 U.S. Dist. LEXIS 7152, at *5 (S.D.N.Y. April 25, 2005) (citing *Whitfield,* 241 F.3d at 272–73). Furthermore, "although a district court may deny costs based on financial hardship, indigency *per se* does not preclude an award of costs against an unsuccessful litigant." *Whitfield,* 241 F.3d at 272–73; *see also Dejesus,* 2005 WL 957389, at *2, 2005 U.S. Dist. LEXIS 7152, at *5–6 (upholding an award of costs against a party who had filed for bankruptcy); *Yadav v. Brookhaven Nat'l Lab.,* 219 F.R.D. 252, 254 (E.D.N.Y. 2004) ("[A] party's indigence does not preclude an award of costs."); *Vails v. Police Dep't,* No. 96 Civ. 5283, 1999 WL 970490, at *1, 1999 U.S. Dist. LEXIS 16423, at *1–2 (S.D.N.Y. Oct. 22, 1999) (holding that, although the losing party's financial situation made it difficult to bear the costs imposed, her claim of indigence did not warrant setting aside the costs award); *Glucover v. Coca–Cola Bottling Co.,* No. 91 Civ. 6331, 1996 WL 1998, at *1, 1996 U.S. Dist. LEXIS 11, at *2 (S.D.N.Y. Jan. 3, 1996) (assessing costs against a plaintiff who proceeded *in forma pauperis*).

The Court finds that the plaintiff has not demonstrated sufficient cause for deviating from the general rule that the prevailing party to a lawsuit will be awarded allowable costs. That the plaintiff was unemployed as of the time of filing the motion to set aside the costs does not mean that she will remain so indefinitely. As demonstrated by the cases cited above, costs are routinely imposed on parties who have made some showing of indigency. Here, the plaintiff has made no such showing. Accordingly, her motion to set aside the award of costs on the basis of her purported inability to pay and good faith is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's motion pursuant to Fed.R.Civ.P. 54(d)(1) to set aside the taxation of statutory costs as awarded by the Clerk of the Court on October 28, 2005 in the amount of $674.00 in favor of the defendant LI Bus is **GRANTED,** as unopposed; and it is further

**ORDERED,** that the plaintiff's motion pursuant to Fed.R.Civ.P. 54(d)(1) to set aside the taxation of statutory costs as awarded by the Clerk of the Court on October 28, 2005 in the amount of $968.26 in favor of the defendant Local 252 is DENIED.

**SO ORDERED.**