NORTHEAST HOLDINGS,
L.L.C., Plaintiff,

v.

TOWN OF RIVERHEAD; Town of River-head Community Development Agency; Down C. Thomas, as Town Attorney and individually; Edward Densieski, in his representative capacity as Town Councilman; and Robert Kozakiewicz, Defendants.

No. 04 CV 2262(ADS).

United States District Court,
E.D. New York.

Aug. 1, 2007.

Mark Houraney, Boca Raton, FL, Pro Se.

Burton & Associates, P.C., by Bernard L. Burton, Esq., of Counsel, Melville, NY, for the Plaintiff Northeast Holdings, L.L.C.

Ira Bezack, Esq., Melville, NY, for the Plaintiff Northeast Holdings, L.L.C.

Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, by Phil Siegel, Esq., of Counsel, Riverhead, NY, for the Town Defendants.

Sinnreich Safar & Kosakoff, LLP by Jay Safar, Esq., of Counsel, Central Islip, NY, for Dawn Thomas and Robert Kozakiewicz.

## ORDER

SPATT, District Judge.

Mark Houraney and Northeast Holdings, L.L.C. ("Northeast") commenced this action against the Town of Riverhead, the Town of Riverhead Community Development Agency, Philip Cardinale, Dawn Thomas, Edward Densieski, Barbara Blass, Rose Sanders, Georde Barunek, and Robert Kozakiewicz, alleging, among other things, discrimination on the basis of race and national origin and equal protection violations.

A trial was held from October 18, 2006 through November 8, 2006. On November 6, 2006, following the close of the presentation of the evidence by both sides, the Court granted judgment as a matter of law in favor of the defendants Cardinale, Blass, Sanders, and Bartuneck, and dismissed the claims of the individual plaintiff Mark Houraney in their entirety. On November 8, 2006, the jury reached a unanimous verdict in favor of the remaining defendants. As a result of this verdict, the complaint was dismissed and the case was closed.

On December 13, 2006, the Clerk of the Court awarded statutory costs pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d)(1), and Local Rule 54.1 in the amount of $9,272.48 to be paid by Northeast to the defendant Town of Riverhead. Presently before the Court are two motions: (1) a motion by the municipal defendants to amend the award of costs taxed by the Clerk of the Court to the extent that the award be taxed jointly and severally against the plaintiff Northeast Holdings, L.L.C. and the dismissed plaintiff Mark Houraney; and (2) Northeast's motion, entitled "objections to taxed costs," which seeks to set aside the award of costs.

**1. As to the Plaintiff Northeast's Motion to Set Aside the Award of Costs**

▋ Section 1920 of title 28 of the United States Code provides, in part, that

A judge or clerk of any court of the United States may tax as costs the following: ... (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; [and] (5) Docket fees under section 1923 of this title.

28 U.S.C. § 1920. Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Taxation of costs if left to the discretion of the Court, and may be overturned on appeal "only in the event of an abuse of discretion." *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 629 (2d Cir. 1982); *Mid–Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 38 n. 3 (2d Cir.1978); *see also Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir.2001) ("[S]uch an award against the losing party is the normal rule obtaining in civil litigation, not an exception."). Because such an award against the losing party is the normal rule in civil litigation, the plaintiff bears the burden of showing why the imposition of costs in this instance was improper. *Whitfield*, 241 F.3d at 270.

▋ The plaintiff Northeast contends that the award of costs should be set aside because the costs awarded are improper and not taxable under the statutes and rules. According to the plaintiff, in a civil rights case, the award of costs to a prevailing defendant is the exception and not the rule. Also, the plaintiff argues that a defendant in a civil rights case is entitled to costs only if it can be established that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable. Finally, the plaintiff argues that it does not have the ability to pay the costs awarded.

In arguing that the costs awarded are not proper, the plaintiff apparently confuses the rule regarding costs with the rule concerning attorneys fees. The cases cited by Northeast, *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) and *Casa Marie Hogar Geriatrico, Inc. v. Rivera–Santos*, 38 F.3d 615, 618 (1st Cir.1994), support the rule that, in civil rights cases, *attorneys fees* should be awarded only if the action is frivolous. The plaintiff provides no authority suggesting that the award of statutory litigation costs, such as transcription and witness fees as provided in 28 U.S.C. §§ 1920(3), is improper. *Cf. Whitfield*, 241 F.3d at 270 (affirming an award costs to the defendant in a Section 1983 case, and stating that "such an award against the losing party is the normal rule obtaining in civil litigation, not an exception.").

In this case, the Clerk of the Court awarded costs in the amounts of (1) $8,535 for the fees of the court reporter and the transcript necessarily obtained for use in the case; (2) $250 for the fees and disbursements for printing; (3) $333.98 for the fees for witnesses; and (4) $153.50 for the fees for exemplification and copies of papers necessarily obtained for use in the case, for a total award of $9,272.48. These fees are consistent with the relevant statutes and rules, and are appropriate in this case.

■ Finally, the plaintiff argues that the Court should set aside the award of costs because it has limited financial means and is unable to pay the award. "[A]lthough a district court may deny costs based on financial hardship, indigency *per se* does not preclude an award of costs against an unsuccessful litigant." *Whitfield*, 241 F.3d at 272–73; *see also Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03 Civ. 1298(RJH), 2005 WL 957389, at *2 (S.D.N.Y. Apr.25, 2005) (upholding an award of costs against a party who had filed for bankruptcy); *Yadav v. Brookhaven Nat'l Lab.*, 219 F.R.D. 252, 254 (E.D.N.Y.2004) ("[A] party's indigence does not preclude an award of costs."); *Vails v. Police Dep't*, No. 96 Civ. 5283, 1999 WL 970490, at *1–2 (S.D.N.Y. Oct.22, 1999) (holding that, although the losing party's financial situation made it difficult to bear the costs

imposed, her claim of indigence did not warrant setting aside the costs award); *Glucover v. Coca–Cola Bottling Co.*, No. 91 Civ. 6331, 1996 WL 1998, at *2–3 (S.D.N.Y. Jan.3, 1996) (assessing costs against a plaintiff who proceeded *in forma pauperis* ).

The Court finds that Northeast has not demonstrated sufficient cause for deviating from the general rule that the prevailing party to a lawsuit will be awarded allowable costs. As demonstrated by the cases cited above, costs are routinely imposed on parties who have made some showing of indigency. Here, the plaintiff has made no such showing. Accordingly, the plaintiff's motion to set aside the award of costs on the basis of its purported inability to pay and good faith is denied.

### 2. As to the Defendants' Motion to Amend the Award of Costs

■ As noted above, one of the original plaintiffs in this case, Mark Houraney, was dismissed from the action following the presentation of the evidence pursuant to Fed. R.Civ.P. 50. Only certain claims of Northeast Holdings, Inc. were submitted to the jury. In an affirmation dated December 20, 2006, counsel for the municipal defendants states that during a telephone conference call on December 11, 2006, the Clerk of the Court indicated that he would not tax costs against the individual plaintiff, Mark Houraney, because he was no longer a party to the case and was not in the caption. Accordingly, on December 13, 2006, the Clerk of the Court entered an award of costs in favor of the defendant Town of Riverhead only against the remaining plaintiff Northeast Holdings, Inc.

■ As a general rule, liability for costs is to be shared jointly and severally when there are multiple parties on the losing side. *See Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir.2002); *White v. Sundstrand Corp.*, 256 F.3d 580, 585–86 (7th Cir.2001); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469–70 (3d Cir.2000); *Petit v. City of Chicago*, No. 90 C 4984, 2003 WL 22339277, at *3 (N.D.Ill. Oct.10, 2003); *Hartung v. CAE Newnes, Inc.*, No. CV 00–1400–BR, 2002 WL 31972394 *2 (D.Or. July 2,

2002). In the Court's view, there is no reason why this general rule should not apply here. *See Petit*, 2003 WL 22339277, at *3 ("The burden is on the non-prevailing party to show that the general rule should not be applied.") (citation omitted).

Both plaintiffs commenced this case together and prosecuted the matter through the trial. Houraney and Northeast Holdings, Inc. were represented by the same counsel, and all of the costs that were awarded to the defendants related to matters that were apparently relevant to the defense of each of the plaintiffs' claims, which arose out of the same factual circumstances. Under these circumstances, the responsibility for paying the defendants' costs should be borne jointly by Houraney and Northeast Holdings, Inc. *See Concord*, 309 F.3d at 497; *Petit*, 2003 WL 22339277, at *3. Accordingly, the Court directs the Clerk of the Court to amend the award of costs to include the award against the former plaintiff Mark Houraney.

### 3. Conclusion

Based on the foregoing, it is hereby

**ORDERED,** that the motion by the plaintiff Northeast Holdings, L.L.C. to set aside the award of costs is denied; and it is further

**ORDERED,** that the defendants' motion to amend the award of costs is granted;

**ORDERED,** that the Clerk of the Court is directed to amend the award of costs to state that the award is rendered against both the plaintiff Northeast Holdings, L.L.C. and the former plaintiff Mark Houraney, jointly and severally.

**SO ORDERED.**