NEWMAN, Circuit Judge,
dissenting.
The award of “costs” is rarely of sufficient legal substance to warrant appellate attention, much less appellate dissent. But here the award is so flawed that it indeed was appealed, and its affirmation by my colleagues raises important concerns of justice and fairness, as well as conformity with rule and precedent.
On his first appeal to the Federal Circuit, Mr. Shum obtained a reversal and remand of the major issue in dispute, that is, inventorship of five patents obtained by Verdiell and sold to Intel on the Radiance technology. Shum, v. Intel Corp., 499 F.3d 1272 (Fed.Cir.2007). Despite Shum’s success on appeal, the district court awarded Intel $77,200 in costs for the first trial, which was half the amount submitted. Upon the second trial, Mr. Shum obtained unanimous jury verdicts that he is the joint inventor of five patents on the technology for which Intel paid $409 million. Thus Shum obtained the right to make, use, sell, license, and otherwise exploit the inventions that Verdiell had patented as his sole invention and that Intel had purchased for exclusive ownership. Nonetheless the district court, holding that neither side prevailed or alternatively that the defendants prevailed, awarded net costs in favor of defendants and against Shum, in the amount of $134,368.28. This award is contrary to precedent, and inappropriate.
This is not the rare case in which a court might exercise its discretion, in the interest of justice, to mitigate the burdens of trial. I must protest this unusual ruling, whereby the losing side that presented a more expensive case[1] is awarded the amount by which its costs exceeded those of the prevailing party. From my colleagues’ endorsement of this award of net costs to the losing party, I respectfully dissent.
Discussion
The Federal Rules provide that “costs” shall be taxed in favor of the prevailing party. By every measure Shum is the prevailing party, not the defendants. Shum obtained the judgment of joint inventorship that established his ownership in common of five of the six patents previously held exclusively by the defendants. When the district court refused to retry the deadlocked issues concerning monetary remedy and instead decided them “as a matter of law” in favor of the defendants, the defendants avoided damages, but they still lost exclusive ownership of the patented technology. This did not convert the defendants into “the prevailing party.”
“Because a plaintiff prevails by achieving some of the benefit sought in bringing suit, it follows that a defendant is a prevailing party only if the plaintiff obtains no relief whatsoever from the litigation.” 10 James Wm. Moore, Moore’s Federal Practice § 54.171[3][c], at 54-310 (3d ed.2010). Whatever the monetary value of Shum’s victory, it is apparent that Intel and Mr. Verdiell did not prevail, for they lost the exclusivity of five patents for which Shum was adjudged the joint inventor, and sim *1372 ply avoided monetary damages when the jury hung and the district court refused a retrial.
The Court explained in Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), that “a plaintiff ‘prevails’ when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant’s behavior in a way that directly benefits the plaintiff.” Id. at 111-12, 113 S.Ct. 566. In Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178 (Fed.Cir.1996), the court applied this reasoning to taxation of costs in patent litigation in which the plaintiff did not obtain monetary damages, but the court held that the plaintiff was the prevailing party because a “judicial declaration that one is free from another’s right to exclude alters the legal relationship between the parties.” Id. at 1183. The jury’s verdict granting Mr. Shum co-ownership of five of the six litigated patents was a victory that altered the legal relationship of the parties to Mr. Shum’s benefit.
Although it is now final on this appeal that Mr. Shum will not receive a retrial on monetary damages, the Court explained in Farrar that “the prevailing party inquiry does not turn on the magnitude of the relief obtained.” 506 U.S. at 114, 113 S.Ct. 566. Mr. Shum now has the unchallengeable right to make, use, and sell for others to use, the five patented inventions “without the consent of and without accounting to the other owners.” 35 U.S.C. § 262. In Manildra Milling this court explained that: “The freedom to practice an invention without fear of suit by the patentee is a valuable commercial benefit. By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee’s subsequent behavior to his benefit.” 76 F.3d at 1183. The rights Mr. Shum has won here are greater than freedom from suit, for Shum became the co-owner of five patents that had previously been the exclusive property of Verdiell, LightLogic, and now Intel.
My colleagues state that Shum was not the prevailing party because the judgment of joint inventorship and the ensuing co-ownership “did not give Shum any rights in the patented technology that he did not already have under the POL.” Maj. Op. at 1369. This is plainly incorrect. The trial record is replete with Verdiell’s assertions of exclusivity, and that the patented subject matter was not included in the Radiance technology subject to the POL. Intel and Verdiell vigorously disputed Shum’s claims, stating that “the issue of inventor-ship is at the heart of the case” and a “necessary element” of all of the other claims. Defs.’ Opp’n to Pl.’s Mot. to Remand at 4-5, Shum v. Intel Corp., No. C 02-03262 (N.D.Cal. Nov. 1, 2002). Only now that Shum has prevailed do Intel and Verdiell proclaim that Shum already had what he won by jury verdict. However, at trial the defendants testified and argued that these patents and the technology they claimed were not part of the Radiance technology and that Shum had no rights in any of it.
Whatever the “prevailing” status of Shum, it is clear that Intel and Mr. Verdiell are not the prevailing party. Applying precedent, Mr. Shum won the judgment that he was a joint inventor of five of the six patents from which he had been excluded, and thus owner in common of these patents. See Manildra Milling, 76 F.3d at 1183 (the plaintiff was the prevailing party when the adverse patent was invalidated, although federal and state law *1373 claims were lost and no damages were awarded). Shum is now assured that he and his transferees cannot be sued on these patents, and that his right to practice and to grant licenses to the patented subject matter is not subject to challenge. The district court reasoned that Shum’s joint invention and co-ownership “did not give Shum a competitive edge over Verdiell in the marketplace.” Shum v. Intel Corp., 682 F.Supp.2d 992, 997 (N.D.Cal.2009). However, obtaining a competitive edge in the marketplace is not a requirement of being the prevailing party in litigation.
Partial or apportioned costs have on occasion been awarded, when appropriate to the circumstances. See 10 Wright & Miller, Federal Practice & Procedure § 2667 (3d ed.2010); Ortho-McNeil Pharm., Inc., v. Mylan Labs. Inc., 569 F.3d 1353, 1358 (Fed.Cir.2009); K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir.1969). This court has observed that costs should be apportioned only under “limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained.” Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1348 (Fed.Cir.2006) (citing 10 Moore’s Federal Practice § 54.101[l][b] (3d ed.2006)). Here the district court did not apportion “greatly disproportionate” costs; the court simply required Shum to pay Intel the amount by which Intel’s costs exceeded Shum’s costs. This form of apportionment has no support in precedent or in logic, and in this case is unfair.
When the plaintiff as well as the defendant have lost on significant issues, courts have generally awarded “no costs.” See Ruiz v. A.B. Chance Co., 234 F.3d 654, 670 (Fed.Cir.2000); Kropp v. Ziebarth, 601 F.2d 1348, 1358 n. 27 (8th Cir.1979) (where neither party prevails, it is “quite appropriate to deny costs to both parties” (citing Srybnik v. Epstein, 230 F.2d 683, 686 (2d Cir.1956))); Brunswick-Balke-Collender Co. v. Am. Bowling & Billiard Corp., 150 F.2d 69, 74 (2d Cir.1945) (affirming denial of costs where both parties to a suit involving patent and trademark infringement prevailed in part); 10 Federal Practice & Procedure § 2668 (3d ed.2010) (the denial of costs to both sides “has been considered appropriate when neither side entirely prevailed, or when both sides prevailed”).
In Ruiz, this court held that “neither party prevailed sufficiently to require an award of costs,” where the patent was declared invalid but no damages were awarded on the state law claims. 234 F.3d at 670. Thus even if Shum’s victory is viewed as no better than nominal, the proper result is “no costs,” not an award to the losing party. The Supreme Court in Farrar stated that when a victory is nominal “the only reasonable fee is usually no fee at all.” 506 U.S. at 115, 113 S.Ct. 566.
As mentioned ante, the district court also taxed Mr. Shum for half of Intel’s costs associated with the first trial, which this court reversed and remanded in Mr. Shum’s favor. Shum v. Intel Corp., 499 F.3d 1272 (Fed.Cir.2007). A determination of who is the prevailing party should be made when the controversy is finally decided. See 10 Federal Practice & Procedure § 2667 (3d ed.2010). Yet the district court charged Mr. Shum with $77,200, which were half of Intel’s costs for the first trial, in which Shum succeeded on appeal.
In accordance with precedent, Mr. Shum is the prevailing party. At worst, the award should be “no costs.” The district court exceeded its discretion in requiring Shum to pay Intel the difference between *1374 Shum’s lower costs and Intel’s higher costs, even on the district court’s theory that it was “close” as to which side “prevailed.” It is grievously unjust to tax Mr. Shum with the net costs of Intel’s unsuccessful but more expensive defense. This approach cannot be reconciled with any theory of taxable costs. From my colleagues’ endorsement of this ruling, I respectfully dissent.

. For example, Intel's bill of costs includes over $200,000 for “demonstrative exhibits,’’ “graphics,” and "models,” for use at trial, on which Shum spent less than $60,000.